**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYLVIOUS ATANGA, | Case No. 26-cv-02312-BAS-MSB |
| Petitioner, | |
| v. | **ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 8)** |
| CHRISTOPHER LAROSE, | |
| Respondent. | |

Petitioner Sylvious Atanga filed a habeas petition pursuant to 28 U.S.C. § 2241, claiming his immigration detention has been arbitrarily and unreasonably prolonged and that he was improperly denied a bond hearing. (ECF No. 8.) Additionally, Petitioner argues that the Immigration Judges are universally compromised and unable to render fair and impartial decisions, and thus, Petitioner is entitled to immediate release or a bond hearing before a District Judge. (*Id.*) Alternatively, Petitioner asks that any bond hearing ordered before an Immigration Judge include guardrails to guide the Immigration Judge's bond determination. (*Id.*)

The Government concedes that, given the Court's prior rulings, Petitioner's detention has been arbitrarily and unreasonably prolonged and that he is entitled to a bond hearing where the Government would bear the burden of establishing by clear and

- 1 -

convincing evidence that Petitioner is either a danger to the community or a risk of flight. (ECF No. 10.) However, the Government opposes immediate release or a bond hearing before a District Judge. (*Id.*)

For the reasons stated below, the Court **GRANTS** the Petition to the extent Petitioner argues his detention has been arbitrarily and unreasonably prolonged and orders a bond hearing before an Immigration Judge. To the extent Petitioner argues all Immigration Judges are compromised and, thus, Petitioner should be immediately released or granted a bond hearing before a District Judge, the Court **DENIES** these requests.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Petitioner, a citizen of Cameroon, entered the United States seeking asylum on April 11, 2025. (ECF No. 8.) An Immigration Judge denied his asylum application on December 17, 2025, and Petitioner appealed this ruling to the Board of Immigration Appeals ("BIA") on January 10, 2026.

Petitioner filed a habeas petition in Case No. 26-cv-1137-BAS-MSB arguing that his eight-month detention in immigration custody without bond had been arbitrarily and unreasonably prolonged. Petitioner pointed out that the Government was responsible for the delays in his immigration case, taking four months to schedule Petitioner's first court appearance after his positive credible fear determination and another three months to schedule a merits hearing. Petitioner posited that he was not responsible for any of the

26cv2312

delays.  Nonetheless, at the hearing on March 27, 2026, the Court found at that point that the delays had not been arbitrary or unreasonable.  However, the Court suggested that if the Government continued to delay in setting a briefing schedule on appeal, the Court might reconsider its ruling.

The BIA finally issued a briefing schedule for the appeal on April 28, 2026, three and a half months after Petitioner filed his appeal, with the opening briefs due in mid-May. (*Id.*)  Thus, Petitioner has now been held in custody without a bond hearing for over a year waiting for his immigration case to be resolved.  The Government, in its response, concedes that, at this point, Petitioner is entitled to a bond hearing.  (ECF No. 10.)

## III.    ANALYSIS

The Court agrees that immigration detention without a bond hearing may be deemed arbitrarily and unreasonably prolonged and thus a violation of a detainee's due process rights.  *See*, *e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so.").  The Government agrees that over 12 months is an arbitrarily and unreasonably prolonged period of time for Petitioner to be detained.  Hence, the Court **GRANTS** the Petition to the extent it requests that a bond hearing be held before an Immigration Judge.  However, the Court finds insufficient evidence to support Petitioner's claim that the neutrality of all Immigration Judges in the Southern District of California has been compromised such that Petitioner should be immediately released or that a bond hearing should be held before a District Judge.

//

//

//

//

//

26cv2312

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Sylvious Atanga (A# 221-395-977) within 14 days of the date of this Order. At that bond hearing, the Government shall have the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight if released on bond.  Concern about interrupting court schedules is not a ground to deny bond.  Further, the Government is prohibited from invoking the automatic stay provisions under 8 C.F.R. § 1003.19(i)(2) to defeat the Immigration Judge's bond determination.  If no bond hearing is held within 14 days, Petitioner is ordered released forthwith.

The Clerk shall also close the case.

**IT IS SO ORDERED.**

**DATED: May 14, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2312